**\*\* E-filed March 9, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREEN BAY INVESTMENTS, LP; LUAN NGUYEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>CARLOS MEJIA; and DOES 1-5;<br><br>    Defendants. | No. C12-00181 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket Nos. 1, 6, 7] |

## INTRODUCTION

On January 11, 2012, third-party claimant Josh Hamlin[1], proceeding pro se, removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). Plaintiffs Green Bay Investments and Luan Nguyen (collectively "Plaintiffs") move to remand and seek immediate relief by requesting that the motion be heard on shortened time. Dkt. Nos. 6, 7. Green Bay has consented to the undersigned's jurisdiction, but Hamlin and named defendant Carlos Mejia have not. Because not all of the parties have consented to the undersigned's jurisdiction, this court is unable to provide the dispositive relief sought. For the reasons stated below, the undersigned

---

[1] Hamlin, who is not a named party in the state court unlawful detainer action, states in his Notice of Removal that he has successfully intervened in the state court action, and that he is eligible to remove this action as a defendant. Dkt. No. 1, p. 2. However, he has not submitted any evidence in support of his assertion. Because the court has determined that summary remand is appropriate, it declines to analyze whether Hamlin is a defendant who may properly remove this action.

1  DENIES the Motion to Shorten Time, ORDERS that this case be reassigned to a district judge, and
2  RECOMMENDS that this action be summarily remanded to state court.

## DISCUSSION

Green Bay filed this unlawful detainer action against defendants on December 13, 2011 in Santa Clara County Superior Court. Notice of Removal, Exh. A ("Complaint"). According to the complaint, Green Bay acquired the subject property, a San Jose residence, through a foreclosure trustee's sale on November 30, 2011. Id. at ¶ 3. On December 9, Green Bay served defendant with a three-day Notice to Quit. Id. at ¶ 5. The defendant did not respond to the Notice, nor did he vacate the property. Id. at ¶¶ 7-8.

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Hamlin asserts that removal is proper based on federal question jurisdiction. See Notice of Removal ¶ 5. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Hamlin asserts that Green Bay "has actually filed a [f]ederal [q]uestion action in state court." Notice of Removal ¶ 5. However, Green Bay's complaint alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. See Complaint. Moreover, resolving Green Bay's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, Hamlin has failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).[2] In this matter, all parties, including Green Bay, are citizens of California, and plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1.

Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

**CONCLUSION**

Because not all parties have consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. Green Bay's Motion to Shorten Time is DENIED and the hearing on its Motion to Remand is VACATED. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County

---

[2] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935-36 (9th Cir. 2006).

Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: March 9, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-00181 HRL Notice will be electronically mailed to:**

Daniel Paris         parislaw1@msn.com

**Notice will be mailed to:**

Carlos J Mejia
3128 Coldwater Drive
San Jose, CA 95148

Josh Hamlin
3128 Coldwater Drive
San Jose, CA 95148

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**